IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHASE KELLER** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | CIVIL ACTION NO. 1:21-cv-830 | |
| v. § | | |
| § | | |
| **ROTECH HEALTHCARE,** § | JURY TRIAL DEMANDED | |
| **INC.** § | | |
| § | | |
| **Defendant.** § | | |
| § | | |

## ORIGINAL COMPLAINT

Plaintiff, CHASE KELLER ("Plaintiff"), by and through his attorneys, brings this action for damages and other legal and equitable relief from Defendant, ROTECH HEALTHCARE, INC. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other causes of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended, and (iii) 42 U.S.C. §§ 1981 et seq., as amended.

1

ORIGINAL COMPLAINT

2. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

3. This action is authorized and instituted pursuant to § 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

5. Venue is proper since the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

6. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII, the ADA and the TLC.

7. At all relevant times, Defendant has been an employer covered by Title VII, the ADA.

8. At all relevant times, Plaintiff, who suffers from malignant hypertension and kidney failure, has been an individual with a disability under the ADA. § 42 U.S.C. 12111(9).

9. At all relevant times, Plaintiff, who is male, is in a protected category under Title VII.

10. At all relevant times, Defendant has continuously been and is now doing business in the State of Texas and has continuously employed at least fifteen employees.

11. Defendant has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C. Section 701 (b),(g) and (h), 42 U.S.C. 2000e(b), (g) and (h) and under Section 101(5) of the ADA, 42 U.S.C. Section 12111(5), and Section 101(7), 42 U.S.C. Section 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. Sections 2000e(g) and (h).

12. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

13. Plaintiff, who has herein alleged claims pursuant to Title VII and the ADA, has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

14. Plaintiff received his Notice of Right to Sue from the EEOC within 90 days prior to the prior to the filing of this Complaint.

## STATEMENT OF FACTS

15. Chase Keller, Plaintiff, was employed by the Defendant, Rotech Healthcare, Inc., as a Patient Care Technician ("PCT") from on or about September 19, 2019 until his termination on June 8, 2020.

16. Plaintiff suffers from the disabilities of malignant hypertension and kidney failure.

17. Mr. Keller informed Rotech of his disabilities in December 2019. Mr. Keller has a systemic renal system limitation, kidney failure, requiring him to undergo dialysis three times per week.

18. Starting in February 2020, Keller began to be subjected to numerous unwelcome epithets based on sex from his co-worker, PCT Brittney Ferguson, such as "Suck a dick!" and "Shut the fuck up. You are not relevant to this conversation!" These comments, at times made in front of co-workers and even external vendors, altered the conditions of his work environment, by, including but not limited to, embarrassing him, demeaning him and making it difficult for him to concentrate at work.

19. Toward the end of April 2020, Mr. Keller, who was age 31 at the time, learned the life-changing news that he had Stage 5 kidney disease, and would need a transplant. He informed his supervisor, Location Manager Sarah Stanley, of this fact, and stated that he needed to take a couple days off work for biopsy surgery.

20. When Plaintiff asked for this accommodation, Ms. Stanley simply told him to find a co-worker to cover his shift. When he approached fellow PCT Ferguson, Ms. Ferguson was openly hostile and aggressively demeaning, stating words such as, "Fuck your kidneys. Nobody cares about that shit. Schedule it around your own time!"

21. Mr. Keller complained to Ms. Stanley about these unwelcome sex-based and now disability-based comments on or about May 1, 2020; yet nothing was done to effectively stop the harassment. Upon witness information and belief, Ms. Stanley was fond of and favored Ms. Ferguson.

22. Since there was no action taken by Ms. Stanley to remedy the harassment, Mr. Keller felt he had no alternative but to contact Jennifer Perdicaris, Director of the Rotech Human Resources Department, to report the hostile work environment.

23. The Human Resources Director told Mr. Keller that he should write a letter and give it to his supervisor, who would forward it to her in HR. Mr. Kelly immediately wrote the

**ORIGINAL COMPLAINT**

letter and gave it to Location Manager Stanley.

24. When he learned HR had not yet received the letter three days later, Mr. Keller went ahead and forwarded it to Ms. Perdicaris so that an investigation and, it was hoped, corrective action, would proceed.

25. On or about May 12, 2020, Mr. Keller was in the hospital for the biopsy surgery.

26. On or about May 20, 2020, without notice or warning, Mr. Keller was shocked to learn that he was under some kind of internal company investigation. He was aggressively interrogated by a group of employees during a conference call with Rotech personnel. Rotech alleged that on Sunday, May 10, 2020, Plaintiff had signed on the customer signature line of a form which acknowledges receipt of company equipment.

27. Mr. Keller never made, nor intended to make, any statement falsely claiming that a patient acknowledged receipt of an item. In fact, the patient involved in this instance received the equipment that he delivered; the delivery of the equipment is not in dispute.

28. One week later, on May 27, 2020. Keller learned that his medical condition had deteriorated, that he needed a transplant, and that he needed to go on dialysis. He informed Stanley of this serious news regarding his disability.

29. On June 9, 2020, Mr. Keller was called into Ms. Stanley's office. Ms. Stanley and Area Manager Rosie Sierra were awaiting him. Ms. Wright informed Mr. Keller that he was being fired from his job for "forging a customer's signature." Mr. Keller was told to get his personal belongings and leave the premises.

30. Mr. Keller denies that he ever "forged a customer's signature." The impetus to terminate Mr. Keller was motivated and facilitated by Sarah Stanley. Ms. Stanley was motivated by illegal retaliation due to Mr. Keller's report of sex and disability discrimination against an

employee she was fond of, and due to his disability, which would likely lead to the need for time off and/or other accommodations.

31. Rotech's alleged reasons for terminating Mr. Keller are a pretext for illegal discrimination.

32. Mr. Keller is a victim of discrimination based on his disability under the ADA. Rotech subjected Mr. Keller to a hostile work environment based on disability under the ADA and state civil rights laws cited herein.

33. Mr. Keller is a victim of discrimination based on his sex, male.  Rotech subjected Mr. Keller to a hostile work environment based on sex, in violation of Title VII and state civil rights laws cited herein.

34. Defendant terminated Mr. Keller's employment based on his disability.

35. Defendant terminated Plaintiff in retaliation for engaging in protected activity under the ADA, Title VII and state civil rights laws cited herein.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR A VIOLATION OF TITLE I OF THE ADA
*(Hostile Work Environment)*

36. Plaintiff is a qualified individual under the ADA employed by Defendant and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

38. Defendant subjected Plaintiff to a hostile work environment based on his disability in violation of Title I of the ADA, 42 U.S.C. § 12112(a).

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR A VIOLATION OF TITLE I OF THE ADA
*(Discharge Based on Disability)*

39. Plaintiff is a qualified individual under the ADA employed by Defendant and

repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

41. Defendant terminated the Plaintiff based on his disability in violation of Title I of the ADA, 42 U.S.C. § 12112(a).

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR A VIOLATION OF TITLE I OF THE ADA
(*Retaliation*)

42. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43. Plaintiff engaged in protected activity by reporting to management and Defendant's HR Department the harassment based on disability to which he was subjected.

44. Defendant discharged Plaintiff in retaliation for engaging in protected activity.

45. The Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR A VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### OF 1964, AS AMENDED, 42 U.S.C.  §2000e *et seq.*
*(Hostile Work Environment - Sex)*

46. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47. The conduct alleged herein violates Title VII as the Defendant has engaged in the practice of discrimination against Plaintiff based on his sex, male, by subjecting him to a sexually hostile work environment.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR A VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### OF 1964 AS AMENDED, 42 U.S.C. 2000e *et. seq.*
*(Retaliatory Discharge)*

48. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above,

as if fully set forth herein.

49. Plaintiff engaged in protected activity by reporting to management and Defendant's HR Department the harassment based on sex to which he was subjected.

50. Defendant discharged Plaintiff in retaliation for engaging in protected activity.

51. The Plaintiff's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR A VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001 *et seq.*
*(Discriminatory Discharge based on Disability)*

52. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has terminated Plaintiff's employment based on disability. Tex.Lab. Code § 21.051.

53. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR A VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001 *et seq.*
*(Hostile Work Environment – Disability)*

54. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

55. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has subjected Plaintiff to a hostile work environment based on disability.

56. Plaintiff's requests for relief are set forth below.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR A VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001 *et seq.*
*(Hostile Work Environment – Sex)*

57.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

58.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq*., as Defendant has subjected Plaintiff to a hostile work environment based on sex.

59.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A NINTH CAUSE OF ACTION
### FOR A VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001 *ET SEQ.*
*(Retaliatory Discharge)*

60.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

61.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq*., as Defendant has discharged Plaintiff in retaliation for engaging in protected activity by complaining of harassment based on disability and based on sex, male.

62.     Plaintiff's requests for relief are set forth below.

### DEMAND FOR JURY TRIAL

63.     Plaintiff demands a jury trial on all matters raised in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A.     A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII and the ADA, 42 U.S.C. 12111, *et seq.*

B.     All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendants' discriminatory

practices, and for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses such as humiliation and embarrassment.

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious and reckless conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of harassment based on sex and harassment based on disability for all supervisory personnel.

I. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination including but not limited to disability discrimination and/or retaliation.

J. Removal from Mr. Keller's personnel file of all references to his charge and this lawsuit.

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**ORIGINAL COMPLAINT**

Dated: September 17, 2021                                  Respectfully submitted,

*/s/ Toby W. Costas*
Toby W. Costas
Texas State Bar No. 04855720
tcostas@equalrights.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (469) 903-6005
Facsimile: (737) 808-2262
**COUNSEL FOR PLAINTIFF**

**ORIGINAL COMPLAINT**